UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 23-697 (ZNQ) |
| v. | <u>SCHEDULING ORDER FOR TRIAL<br>& CONTINUANCE</u> |
| EDGARDO CRUZ | |

This matter having come before the Court by way of a trial scheduled for April 1, 2024; and the United States being represented by Philip R. Sellinger, United States Attorney for the District of New Jersey (by Matthew J. Belgiovine, Assistant U.S. Attorney, appearing); and the defendant Edgardo Cruz being represented by John E. Holliday, Esq.; and the parties having met and conferred and agree upon the schedule set forth below; and for good cause shown,

It is on this 11th day of January, 2024, ORDERED that:

1. The Government shall provide to the Defendant electronic copies of its pre-marked exhibits on or before **February 2, 2024**.

    a. The authenticity and chain of custody of the Government's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 1(c).

    b. If the Government discloses the scientific analysis of an exhibit that it proposes to introduce at trial and that analysis has been

    determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 1(c).

    c. If Defendant wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for Defendant shall file, on or before **February 9, 2024**, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the exhibit is being challenged and a certification that the challenge is being made in good faith.

2.    The parties shall provide all expert disclosures in accordance with Federal Rule of Criminal Procedure 16(a)(1)(G) on or before **February 9, 2024**.

3.    The Defendant shall provide to the Government electronic copies of pre-marked exhibits on or before **February 9, 2024**.

    a. The authenticity and chain of custody of Defendant's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 3(c).

    b. If Defendant discloses the scientific analysis of an exhibit that Defendant proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the

scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 3(c).

    c. If the Government wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the Government shall file, on or before **February 16, 2024**, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the exhibit is being challenged and a certification that the challenge is being made in good faith.

4. The Government shall provide all material to be disclosed under *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, on or before **February 23, 2024**.

5. Although not obligated to do so, the Government will provide any material to be provided under the Jencks Act, 18 U.S.C. §3500, on or before **February 23, 2024**.

6. If the Government intends to offer any Rule 404(b) evidence, the Government shall provide notice of this evidence in the form delineated in Federal Rule of Evidence 404(b)(3) on or before **February 23, 2024**.

7. If Defendant intends to offer any "reverse Rule 404(b)" evidence, Defendant shall provide notice of this evidence in the form delineated in Federal Rule of Evidence 404(b)(3) on or before **February 23, 2024**.

8. The parties shall file any *in limine* motions, addressed to the admissibility of evidence, and any *Daubert* motions, on or before **March 1, 2024**; responses to such motions may be filed on or before **March 8, 2024, 2024**; and any oral argument will be held at the Court's discretion.

9. The Defendant shall produce all "reverse Jencks" that is required to be disclosed under Federal Rule of Criminal Procedure 26.2 on or before **March 8, 2024**.

10. The parties shall submit all stipulations, if any, to the Court on or before **March 15, 2024**.

11. The parties shall submit to the Court (a) an exhibit list and electronic copies of all pre-marked exhibits, subject to any pending *in limine* motions, and (b) a list of persons expected to be called at trial, on or before **March 15, 2024**.

12. The parties shall submit a joint proposed neutral one-paragraph statement of the case on or before **March 22, 2024**.

13. The parties shall submit joint *voir dire* requests on or before **March 22, 2024.**

14. By **March 22, 2024**, the parties shall file joint proposed jury charges, including without limitation, the elements of the offenses at issue. To

the extent that the parties disagree regarding any individual jury charge, the parties must include each party's proposed jury charge directly followed by each party's position with respect to the disputed charge.

15. The parties shall submit a joint proposed verdict sheet on or before **March 22, 2024.**

16. The Court will conduct a pre-trial status conference on **March 21, 2024** at **12:00 p.m**.

17. Jury selection shall commence on **April 1, 2024**, at 9:00 a.m, and trial shall commence immediately thereafter.

18. Based upon the need for the parties to diligently prepare for trial consistent with the schedule set forth herein, pursuant Title 18, United States Code, Section 3161(h)(7), the Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. Therefore, it is **FURTHER ORDERED** that this action be, and it hereby is, continued from the date this Order is signed through April 1, 2024; and that the period from the date this Order is signed through April 1, 2024, shall be excludable in computing time under the Speedy Trial Act of 1974.

_____
**Honorable Zahid N. Quraishi
United States District Judge**